UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PHILIP JOSEPH CARONIA III   CASE NO.  6:21-CV-04214

VERSUS        JUDGE JAMES D. CAIN, JR.

WRIGHT NATIONAL FLOOD   MAGISTRATE JUDGE PATRICK J.
INSURANCE CO ET AL     HANNA

## MEMORANDUM RULING

Before the Court is "Wright National Flood Insurance Company's Motion to Dismiss Extracontractual Claims, and Claims for Special and General Damages, Attorney Fees, Costs of Litigation, Equitable Relief and Interest" (Doc. 9) wherein Defendant, a Write-Your-Own program ("WYO") insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP") to the National Flood Insurance Act of 1968, as amended,[1] move to dismiss Plaintiffs' extracontractual claims for bad faith, breach of the duty of care and good faith and negligence and claims for special and general damages, attorney fees, all costs of litigation, equitable relief and interest pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiffs allege that on or about August 26, 2020, their home was damaged due to flooding as a result of Hurricane Laura.  Plaintiffs filed a claim with Wright National Flood Insurance ("Wright") on August 27, 2020. Wright subsequently denied coverage under

---

[1] 42 U.S.C. § 4001,  *et seq.*

Plaintiffs' flood insurance policy and thus Plaintiffs have not been compensated for their

flood damage.

In their prayer for relief, Plaintiffs pray for:

I.      The full sum of all damages shown to be due for defendants' failure

to honor and comply with the contract between the parties herein that

is the flood policy;

II.     Enforcing the flood policy as it pertains to ordering the defendants to

pay on the policy for the entirety of the damages caused or

exacerbated by flooding;

III.    Special and general damages as allowed by law;

IV.     Reasonable attorney fees as allowed by law;

V.      All costs of litigation, plus legal interest from date of judicial demand

until paid; and

VI.     For all other equitable relief this court deems necessary and proper.[2]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it

fails to state a claim upon which relief can be granted.  The test for determining the

sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,*

---

[2] Petition for Damages, Breach of Contract, Bad Faith Denial, and For Enforcement of Flood Insurance Policy" Doc. 1-1.

561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ."  *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

This action is predicated on a Standard Flood Insurance Policy ("SFIP") issued by Wright in its capacity as a WYO Program Carrier participating in the United States Government's FIP. Plaintiffs' petition arises from Wright's handling of Plaintiffs' flood claim. The Petition alleges extracontractual claims for bad faith, breach of the duty of care and good faith and negligence and claims for special and general damages, attorneys' fees, all costs of litigation, equitable relief and interest.

The SFIP, as codified in the Code of Federal Regulations provides that "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the [NFIA], as amended (42 U.S.C. 4001, *et seq.)* and federal common law." 44 C.F.R. pt. 61, app. A(1), art. IX.

Wright maintains that because federal law controls breach of contract actions involving SFIPs, *Wright v. FEMA,* 913 F.2d 1566, 1570-71 (11th Cir. 1990); see *Wright v. Allstate Ins. Co. ("Wright I"),* 415 F.3d 384, 390 (5th Cir. 2005) Plaintiff's state law extracontractual claims for bad faith, breach of the duty of care and good faith and

negligence and claims for special and general damages, attorney fees, all costs of litigation, equitable relief are preempted and barred by federal statutory, regulatory and common law. *Gallup v. Omaha Prop. & Cas. Ins.,* 434 F.3d 341, 344-45 (5th Cir. 2005); *Wright I,* 415 F.3d at 386, 390; *Howell-Douglas v. Fidelity Indemnity Ins. Co.,* 24 F.Supp.3d 579, 583 (E.D.La. 2014).

In addition, Wright maintains that Plaintiffs' claims for interest are barred by the "no interest rule." *Newton v. Capital Assur. Co.,* 245 F.3d 1306, 1312 (11th Cir. 2001).

On January 5, 2022, counsel for Plaintiffs filed correspondence with the Court that it would not be filing an opposition to Plaintiffs' motion.[3] As such, the Court finds that Plaintiff's claims for extracontractual claims for bad faith, breach of the duty of care and good faith and negligence and claims for special and general damages, attorney fees, all costs of litigation, equitable relief and interest  should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>**CONCLUSION**</u>

For the reasons set forth herein, the Motion to Dismiss Extracontractual Claims, and Claims for Special and General Damages, Attorney Fees, Costs of Litigation, Equitable Relief and Interest will be granted.

**THUS DONE AND SIGNED** in Chambers on this 4th day of February, 2022.



**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. 13.