UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PHILIP JOSEPH CARONIA III**     **CASE NO. 6:21-CV-04214**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**WRIGHT NATIONAL FLOOD INSURANCE CO ET AL**     **MAGISTRATE JUDGE PATRICK J. HANNA**

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Doc. 14) filed by Defendant Phillip Hebert, through counsel to dismiss all claims, demands and causes of action asserted against him pursuant to Federal Rule of Civil Procedure 12(b)(6). As of this date, Plaintiffs have not filed a response or opposition to Mr. Hebert's motion, and the time for doing so has lapsed.

### INTRODUCTION

Plaintiffs allege that on or about August 26, 2020, their home was damaged due to flooding as a result of Hurricane Laura. Plaintiffs filed a claim with their insurer, Wright National Flood Insurance ("Wright") on August 27, 2020. Wright subsequently denied coverage under Plaintiffs' flood insurance policy and thus Plaintiffs allege they have not been compensated for their flood damage.

Mr. Hebert is the retail insurance agent who brokered and produced the underlying Standard Flood Insurance Policy ("Policy" of "SIP").

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point

necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Mr. Hebert maintains that Plaintiffs have failed to allege sufficient facts to support a plausible claim of relief against him. Specifically, Mr. Hebert argues that Plaintiffs do not allege that he failed to place coverage but instead allege issues with the administration and denial of their insurance claim by Defendant Wright. Alternatively, Mr. Hebert asserts that Plaintiffs' claims are barred by the one-year peremptive period applicable to claims against insurance agents by operation of Louisiana Revised Statute 9:5606. Even so, Mr. Hebert further asserts that Plaintiffs' claims are preempted by federal law.

As noted by Mr. Hebert, the factual allegations asserted by Plaintiffs relate solely to Wright's handling and denial of their claims. Wright, as a Write Your Own ("WYO") insurer and participant in the National Flood Insurance Program, was directly responsible for the "adjustment, settlement, [and] payments" of Plaintiffs' insurance claim. 44 C.F.R. § 62.23(d). There are no allegations in the Petition that Mr. Hebert participated in the adjustment of Plaintiffs' claim, nor is he alleged to be a party to the SFIP. There are no allegations in the Petition that Mr. Hebert participated or made any decisions in Wright's denial of Plaintiffs' claim.  Plaintiff has not alleged any facts to support a negligence claim against Mr. Hebert, or that he failed to procure sufficient flood insurance for Plaintiffs' residence.

In addition, because Mr. Hebert is a "producer" as opposed to an "insurer", he cannot be liable for the "bad faith" claims brought against him. See *Nero v. La Indep. Ins. Agencies,* 2003 U.S. Dist. LEXIS 1366,  at *4 (E.D. La. Jan. 27, 2003) (holding that "Plaintiff have failed to state a claim against independent [the retail agent]" for breach of statutory duties set forth in the Insurance Code because "the statute imposes duties on insurers and does not mention insurance agents"); *Yates v. Sw. Life Ins. Co.,* 1998 U.S. Dist. LEXIS 2001, at *14 (E.D. La. Feb. 12, 1998) (same); *Bertucci v. Lafayette Ins. Co.,* 2001 U.S.Dist. LEXIS 16744, at *9 (E.D. La. Oct. 11, 2001) (holding insurance agent was fraudulently joined to defeat diversity jurisdiction and agreeing with defendants' position that statutory bad faith claims existing under Louisiana Insurance  Code "apply only to insurer and not to insurance agents").

Plaintiffs assert contractual liability against Mr. Hebert for breach of contract. However, Mr. Hebert was not a party to the contract. Accordingly, there is no plausible basis for him to be contractually liable for breach of that Policy.

Because the Court finds that Plaintiffs have failed to state a claim for relief against Mr. Hebert, we will not address Mr. Hebert's arguments for dismissal based on federal preemption and/or prescription.

## **CONCLUSION**

The Court agrees with Defendant Mr. Hebert that Plaintiffs' complaint fails to state a claim for relief and therefore will dismiss with prejudice all of Plaintiffs' claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

**THUS DONE AND SIGNED** in Chambers on this 7th day of February, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**